File No. 15462//JBD

**Law Offices**
**PARKER McCAY P.A.**
**By:  J. Brooks DiDonato, Esquire**
**Atty ID # 019321990**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey  08054**
**(856) 596-8900**
*Attorneys for Defendants, COUNTY OF CAMDEN; OFFICER SAMSON #1000*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **URSULA CARR,** | HONORABLE |
| **Plaintiff,** | CIVIL ACTION NO. |
| v. | |
| **COUNTY OF CAMDEN; OFFICER SAMSON #1000; SERGEANT JANE DOE 1 and JOHN/JANE DOES 2-10** | **NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT** |
| **Defendants.** | [Formerly: **Superior Court of New Jersey, Law Division, Camden County Docket No: CAM-L-001406-22]** |

To:     **Peter Kober, Esquire**
        **KOBER LAW FIRM, LLC**
        **1864 Route 70 East**
        **Cherry Hill, NJ 08003**

        **PLEASE TAKE NOTICE** that this case, previously pending in the Superior Court of

New Jersey, Law Division, Camden County, Docket No. CAM-L-001406-22, is hereby removed

to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §

1441(c)(1)(A).  Defendants, COUNTY OF CAMDEN and OFFICER SAMSON #1000, by and

LAW OFFICE
Parker McCay P.A.

through their undersigned attorney, respectfully state the following in support of the Removal of this matter:

1.   A Summons and Complaint were filed on behalf of Plaintiff, Ursula Carr (the "Plaintiff") in the Superior Court of New Jersey, Law Division, Camden County, on or about June 3, 2022. See, Exhibit "A", Civil Case Information Statement.

2.   On June 9, 2022, I filed an Entry of Appearance on behalf of the defendants with the Superior Court so that I would receive notices with respect to the claim filed there.

3.   Service has been or will shortly be made upon the named officer and the County of Camden.

4.   This matter is, therefore, being removed within thirty (30) days after service of the Summons and Complaint.  See, 26 U.S.C. §1446(b)(1)

5.   Upon information and belief, no hearing, conference or other dates have been scheduled by the Superior Court of New Jersey.

6.   In this Civil Action, plaintiff seeks compensatory and punitive damages, counsel fees and costs of suit.  See, Exhibit "B", Summons and Complaint.

7.   This matter is a civil action including a claim arising under the Constitution, laws, or treaties of the United States, and, it may, therefore, be removed to this Court pursuant to 28 U.S.C. §1441(c)(1)(A).

8.   More specifically, Count II of that complaint is specifically identified as: "42 U.S.C. 1983 CLAIM FOR FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACATIES".

9.   The paragraphs of that Count of the Complaint allege violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

10. This matter is a civil action including the claim arising under the Constitution, laws, or treaties of the United States, and, it may, therefore, be removed to this Court pursuant to 28 U.S.C. §1441(c)(1)(A).

11. This Notice of Removal will be filed with the Clerk of the New Jersey Superior Court, Law Division, Camden County, and will be served on all parties in accordance with 28 U.S.C. §1446(d).  See, *Exhibit "C", Letter to Clerk of the New Jersey Superior Court.*

PARKER McCAY, P.A.

s/ *J. Brooks DiDonato*
J. BROOKS DIDONATO

Dated: June 10, 2022

Exhibit "A"

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-001406-22**

**Case Caption:** CARR URSULA VS COUNTY OF CAMDEN

**Case Initiation Date:** 06/03/2022

**Attorney Name:** PETER M KOBER

**Firm Name:** KOBER LAW FIRM LLC

**Address:** 1864 RTE 70 EAST

CHERRY HILL NJ 08003

**Phone:** 8567615090

**Name of Party:** PLAINTIFF : Carr, Ursula

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Ursula Carr?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** YES  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/03/2022
Dated

/s/ PETER M KOBER
Signed

# Exhibit "B"

Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Ursula Carr

| | |
|---|---|
| URSULA CARR,<br><br>               Plaintiff<br><br>         vs.<br><br><br><br>COUNTY OF CAMDEN, OFFICER SAMSON #1000,<br>SERGEANT JANE DOE 1 and JOHN/JANE DOES 2-10,<br><br>               Defendants | Superior Court of New Jersey<br>Law Division: Camden County<br><br>Docket No. <u>CAM-L-                 </u><br><br>Civil Action<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, URSULA CARR, whose address is 21 Cottage Gate Road, Apartment B, Sicklerville, in the Township of Winslow, County of Camden, and State of New Jersey 08081, by way of Complaint against the above-named Defendants, states:

### COUNT I: COMMON LAW FALSE ARREST CLAIM

1. Plaintiff, URSULA CARR, is an adult individual, whose address is 21 Cottage Gate Road, Apartment B, Sicklerville, Township of Winslow, County of Camden, and State of New Jersey 08081.

2. Defendant, COUNTY OF CAMDEN, is a public entity, with a principal address of 520 Market St., in the City of Camden, County of Camden, and State of New Jersey 08102.

3. Defendant, COUNTY OF CAMDEN, is responsible for the operation of the Camden County Metro Police Force.

4. Defendant, OFFICER SAMSON #1000, is an adult individual, who is an officer employed by the Metro Police Force, which has a principal address of 520 Market Street, in the City of Camden, County of Camden, and State of New Jersey 08102.

5. Defendant, SERGEANT JANE DOE 1, a fictitious name, is a female adult individual, whose true identity is unknown, who is a sergeant employed by the Metro Police Force, which has a principal address of 520 Market Street, in the City of Camden, County of Camden, and State of New Jersey 08102.

6. On July 24, 2021, at approximately 9 P.M., Plaintiff, URSULA CARR, was a stationary pedestrian, on Royden Street, in the City of Camden, Cty. of Camden, and State of N.J.

7. At the aforesaid time and place, Plf., URSULA CARR, was socializing with other people.

8. At the aforesaid time and place, Plaintiff, URSULA CARR, was approached by Defendant, SERGEANT JANE DOE 1, who was on foot patrol.

9. Defendant, SERGEANT JANE DOE 1, was acting in the course of her duties as an officer for the Metro Police Department.

10. Defendant, SERGEANT JANE DOE 1, stopped her foot patrol near Plaintiff.

11. Also in the vicinity was Defendant, OFFICER SAMSON #1000.

12. Defendant, SERGEANT JANE DOE 1, addressed Defendant, OFFICER SAMSON #1000.

13. Defendant, SERGEANT JANE DOE 1, purposefully commanded Defendant, OFFICER SAMSON #1000, to do an outstanding warrant lookup on Plaintiff.

2

14. Defendant, SERGEANT JANE DOE 1, further purposefully commanded Defendant, OFFICER SAMSON #1000, to find an outstanding warrant on Plaintiff even if there wasn't any outstanding warrant on her, to frame her so he would have grounds to arrest her.

15. Defendant, OFFICER SAMSON #1000, obeyed Defendant, SERGEANT JANE DOE 1's command to do an outstanding warrant lookup on Plaintiff.

16. Defendant, OFFICER SAMSON #1000, further obeyed Defendant, SERGEANT JANE DOE 1's command to find an outstanding warrant on Plaintiff even if there wasn't any outstanding warrant on Plaintiff.

17. Defendant, OFFICER SAMSON #1000, did an outstanding warrant lookup on Plaintiff.

18. Def., OFFICER SAMSON #1000 told Plaintiff he had found an outstanding warrant on her.

19. Defendant, OFFICER SAMSON #1000, told Defendant, SERGEANT JANE DOE 1, that he had found an outstanding warrant on Plaintiff.

20. Def, OFFICER SAMSON #1000, hadn't actually found an outstanding warrant on Plaintiff.

21. Defendant, OFFICER SAMSON #1000, knew he hadn't actually found an outstanding warrant on Plaintiff.

22. By telling Plaintiff that he had found an outstanding warrant on her, Defendant, OFFICER SAMSON #1000, was lying to Plaintiff and framing her so he would have grounds to arrest her.

23. By telling Defendant, SERGEANT JANE DOE 1, that he had found an outstanding warrant on Plaintiff, Defendant, OFFICER SAMSON #1000, was obeying Defendant, SERGEANT JANE DOE 1's command to frame Plaintiff so he would have grounds to arrest her.

3

24. Defendant, SERGEANT JANE DOE 1, commanded Defendant, OFFICER SAMSON #1000, to take Plaintiff down to the station.

25. Defendant, OFFICER SAMSON #1000, knew that since he hadn't actually found an outstanding warrant on Plaintiff, he had no legal basis to take her down to the station.

26. Defendant, OFFICER SAMSON #1000, knew in order to obey Defendant, SERGEANT JANE DOE 1's command to take Plaintiff down to the station, he had to charge Plaintiff with something.

27. Since he actually hadn't found an outstanding warrant on Plaintiff, Defendant, OFFICER SAMSON #1000, didn't charge Plaintiff with having an outstanding warrant as a basis for arresting her.

28. Rather than charge Plaintiff with having an outstanding warrant as a basis for arresting her, Defendant, OFFICER SAMSON #1000, charged Plaintiff with a different charge as a basis for arresting her.

29. Defendant, OFFICER SAMSON #1000, charged Plaintiff with a petty disorderly persons offense, N.J.S.A. 2C:33-2a, for Improper Behavior in a Public Place, as a basis for arresting her.

30. Defendant, OFFICER SAMSON #1000, arrested Plaintiff.

31. Defendant, OFFICER SAMSON #1000 knew, at the time of charging and arresting Plaintiff, that he had no probable cause to believe Plaintiff had, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, engaged in fighting or threatening, or in violent or tumultuous behavior, or created a hazardous

4

or physically dangerous condition by any act which served no legitimate purpose of the actor.

32. Defendant, OFFICER SAMSON #1000, had not personally observed the behavior proscribed by N.J.S.A. 2C:33-2a on the part of Plaintiff.

33. Defendant, OFFICER SAMSON #1000, had not been informed by any witness that he/she had observed the behavior proscribed by N.J.S.A. 2C:33-2a on the part of Plaintiff.

34. Defendant, OFFICER SAMSON #1000, concocted the charge of N.J.S.A. 2C:33-2a under false pretenses in order to frame Plaintiff and have a basis for arresting Plaintiff, in order to obey Def., SERGEANT JANE DOE 1's command to "take her down to the station."

35. Plaintiff, URSULA CARR, was held and transported in a police car to a police station.

36. At the police station, a warrant check revealed there wasn't any outstanding warrant on Plaintiff.

37. After a warrant check at the police station revealed there wasn't any outstanding warrant on Plaintiff, Plaintiff was released.

38. The charge of N.J.S.A. 2C:33-2a against Plaintiff was dismissed by the municipal court.

39. Plaintiff served a Notice of Tort Claim on the County of Camden on or about October 7, 2021.

40. The Notice of Tort Claim served on the County of Camden on or about October 7, 2021 was timely.

41. Defendant, SERGEANT JANE DOE 1's command to Officer Samson #1000 to take Plaintiff "down to the station," was the commission of the common law tort of false arrest.

5

42. Defendant, OFFICER SAMSON #1000's action upon the illegal command by Defendant, SERGEANT JANE DOE 1, to take Plaintiff "down to the station," was participation in the commission of the common law tort of false arrest.

43. As a direct and proximate result of the commission of the tort of false arrest by Defendants, SERGEANT JANE DOE 1 and OFFICER SAMSON #1000, as aforesaid, Plaintiff, URSULA CARR, suffered physical injury, emotional distress and mental anguish.

WHEREFORE, Plaintiff, URSULA CARR, requests judgment against Defendants, SERGEANT JANE DOE 1 and OFFICER SAMSON #1000, for damages, interest and costs of suit.

## COUNT II: 42 U.S.C. SECTION 1983 CLAIM FOR FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES

44. Plaintiff, URSULA CARR, repeats the allegations of the First Count, and incorporates the same by reference as if fully set forth at length herein.

45. Defendant, SERGEANT JANE DOE 1, was acting under the color of state law.

46. Defendant, OFFICER SAMSON #1000, was acting under the color of state law.

47. Defendant, SERGEANT JANE DOE 1's command to Officer Samson #1000 to take Plaintiff "down to the station," was the commission of the constitutional tort of false arrest.

48. Defendant, OFFICER SAMSON #1000's action upon the illegal command by Defendant, SERGEANT JANE DOE 1, to take Plaintiff "down to the station," was participation in the commission of the constitutional tort of false arrest.

49. The law recognizes a right to be free of arrest by officers acting under color of state law without probable cause to arrest, under the Fourth Amendment.

50. Defendant, SERGEANT JANE DOE 1's participation in the arrest of Plaintiff, URSULA CARR, was a violation of Plaintiff's right under the Fourth Amendment.

51. Defendant, OFFICER SAMSON #1000'S participation in the arrest of Plaintiff, URSULA CARR, was a violation of Plaintiff's right under the Fourth Amendment.

52. As a direct and proximate result of the violation of Plaintiff's Fourth Amendment right by Defendants, SERGEANT JANE DOE 1 and OFFICER SAMSON #1000, acting in their individual capacities, as aforesaid, Plaintiff, URSULA CARR, suffered physical injury, emotional distress and mental anguish.

WHEREFORE, Plaintiff, URSULA CARR, requests judgment against Defendants, SERGEANT JANE DOE 1 and OFFICER SAMSON #1000, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT III: NJ CIVIL RIGHTS ACT CLAIM FOR FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES

53. Plaintiff, URSULA CARR, repeats the allegations of the First – Second Counts, and incorporates the same by reference as if fully set forth at length herein.

54. The law recognizes a right to be free of arrest by officers acting under color of state law without probable cause to arrest, under the N.J. Constitution Article I Paragraph 7.

55. Defendant, SERGEANT JANE DOE 1's participation in the arrest of Plaintiff, URSULA CARR, was a violation of Plaintiff's right under N.J. Constitution Article I Paragraph 7.

56. Defendant, OFFICER SAMSON #1000's participation in the arrest of Plaintiff, URSULA CARR, was a violation of Plaintiff's right under N.J. Constitution Article I Paragraph 7.

57. As a direct and proximate result of the violation of Plaintiff's N.J. Constitution Article I Paragraph 7 right by Defendants, SERGEANT JANE DOE 1 and OFFICER SAMSON #1000, acting in their individual capacities, as aforesaid, Plaintiff, URSULA CARR, suffered physical injury, emotional distress and mental anguish.

WHEREFORE, Plaintiff, URSULA CARR, requests judgment against Defendants, SERGEANT JANE DOE 1 and OFFICER SAMSON #1000, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT IV: 42 U.S.C. SECTION 1983 CLAIM FOR FAILURE TO INTERVENE AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

58. Plaintiff, URSULA CARR, repeats the allegations of the First – Third Counts, and incorporates the same by reference as if fully set forth at length herein.

59. Defendant, OFFICER SAMSON #1000's action upon the illegal command by Defendant, SERGEANT JANE DOE 1, to take Plaintiff "down to the station," was failure to intervene to counteract an illegal order by a superior officer.

60. The law recognizes a right to be free of the failure to intervene by officers, even those who are not supervisors, when a constitutional violation occurs in his or her presence.

61. Defendant, SERGEANT JANE DOE 1, by her act of commanding Officer Samson #1000 to take Plaintiff "down to the station," committed a constitutional violation, as aforesaid.

62. Defendant, SERGEANT JANE DOE 1's act of commanding Officer Samson #1000 to take Plaintiff "down to the station," was committed in Defendant, OFFICER SAMSON #1000's presence.

8

63. Defendant, OFFICER SAMSON #1000, failed to act to intervene to counteract the command by Defendant, SERGEANT JANE DOE 1, to take Plaintiff "down to the station."

64. The failure to act to intervene to counteract the command by Defendant, SERGEANT JANE DOE 1, to take Plaintiff "down to the station," by Defendant, OFFICER SAMSON #1000, was a violation of Plaintiff's right under the Fourth Amendment.

65. As a direct and proximate result of the violation of Plaintiff's Fourth Amendment right by Defendant, OFFICER SAMSON #1000, acting in his individual capacity, as aforesaid, Plaintiff, URSULA CARR, suffered physical injury, emotional distress and mental anguish.

WHEREFORE, Plaintiff, URSULA CARR, requests judgment against Defendant, OFFICER SAMSON #1000, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

### COUNT V: NJ CIVIL RIGHTS ACT CLAIM FOR FAILURE TO INTERVENE AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

66. Plaintiff, URSULA CARR, repeats the allegations of the First – Fourth Counts, and incorporates the same by reference as if fully set forth at length herein.

67. The failure to act to intervene to counteract the command by Defendant, SERGEANT JANE DOE 1, to take Plaintiff "down to the station," by Defendant, OFFICER SAMSON #1000, was a violation of Plaintiff's right under N.J. Constitution Article I Paragraph 7.

68. As a direct and proximate result of the violation of Plaintiff's Fourth Amendment right by Defendant, OFFICER SAMSON #1000, acting in his individual capacity, as aforesaid, Plaintiff, URSULA CARR, suffered physical injury, emotional distress and mental anguish.

9

WHEREFORE, Plaintiff, URSULA CARR, requests judgment against Defendant, OFFICER SAMSON #1000, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

### COUNT VI: NEGLIGENCE CLAIM RISING TO THE LEVEL OF RECKLESSNESS

69. Plaintiff, URSULA CARR, repeats the allegations of the First - Fifth Counts, and incorporates the same by reference as if fully set forth at length herein.

70. Defendant, SERGEANT JANE DOE 1's command to take Plaintiff "down to the station," was the negligent performance of her law enforcement duties rising to the level of recklessness.

71. Defendant, OFFICER SAMSON #1000's failure to intervene to counteract an illegal command by Defendant, SERGEANT JANE DOE 1, was the negligent performance of his law enforcement duties rising to the level of recklessness.

72. Defendant, COUNTY OF CAMDEN, is vicariously liable for the negligent performance of law enforcement duties by its employees rising to the level of recklessness.

73. As a direct and proximate result of the negligent, rising to the level of recklessness, performance of law enforcement duties by Defendants, SERGEANT JANE DOE 1, OFFICER SAMSON #1000 and COUNTY OF CAMDEN, as aforesaid, Plaintiff, URSULA CARR, suffered physical injury, emotional distress and mental anguish.

WHEREFORE, Plaintiff, URSULA CARR, requests judgment against Defendants, SERGEANT JANE DOE 1, OFFICER SAMSON #1000 and COUNTY OF CAMDEN, for damages, interest and costs of suit.

10

COUNT VII: CLAIM AGAINST FICTITIOUS DEFENDANTS

74. Plaintiff, URSULA CARR, repeats the allegations of the First – Sixth Counts, and incorporates the same by reference as if fully set forth at length herein.

75. Defendants, JOHN/JANE DOES 2-10, are fictitious individuals, whose correct identity cannot currently be ascertained, who may be liable to Plaintiff, URSULA CARR.

76. As a direct and proximate result of the liability of Defendants, JOHN/JANE DOES 2-10, Plaintiff, URSULA CARR, suffered physical injury, emotional distress and mental anguish.

WHEREFORE, Plaintiff, URSULA CARR, requests judgment against Defendants, JOHN/JANE DOES 2-10, FOR damages, interest and costs of suit.

JURY DEMAND

Plaintiff, URSULA CARR, demands a trial by jury of all issues which are triable by a jury.

DESIGNATION OF TRIAL COUNSEL

Peter Kober, Esq., is designated as trial counsel for Plaintiff, URSULA CARR

KOBER LAW FIRM, LLC

BY:  s/ Peter Kober
Peter Kober, Esq.

DATED: June 3, 2022

CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1(b)(2) it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined to this action. In addition, I recognize the continuing obligation of each party to file and serve on all other parties and the court an amended certification if there is a change in the facts of this certification.

KOBER LAW FIRM, LLC

BY; _s/ Peter Kober___
Peter Kober, Esq.

DATED: June 3, 2022

12

## SUMMONS

Attorney(s) <u>Peter Kober, Kober Law Firm, LLC</u>

Office Address <u>1864 Route 70 East</u>

Town, State, Zip Code <u>Cherry Hill, NJ 08003</u>

Telephone Number <u>(856) 761-5090</u>

Attorney(s) for Plaintiff <u>Ursula Carr</u>

URSULA CARR

_____

Plaintiff(s)

vs.

COUNTY OF CAMDEN,

_____

Defendant(s)

### Superior Court of New Jersey

Camden [▼] County

Law Division

Docket No: <u>CAM-L-001406-22</u>

### CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_Michelle M. Smith_
Clerk of the Superior Court

DATED:  <u>06/03/2022</u>

Name of Defendant to Be Served: <u>County of Camden</u>

Address of Defendant to Be Served: <u>520 Market Street, Camden, NJ 08102</u>

## SUMMONS

Attorney(s) Peter Kober, Kober Law Firm, LLC

Office Address  1864 Route 70 East

Town, State, Zip Code  Cherry Hill, NJ 08003

Telephone Number  (856) 761-5090

Attorney(s) for Plaintiff Ursula Carr

URSULA CARR

_____

Plaintiff(s)

vs.

COUNTY OF CAMDEN,

_____

Defendant(s)

### Superior Court of New Jersey

Camden  ▼ County

Law  Division

Docket No: CAM-L-001406-22

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_Michelle M. Smith_
Clerk of the Superior Court

DATED:  06/03/2022

Name of Defendant to Be Served:  Officer Samson #1000

Address of Defendant to Be Served:  800 Federal Street, Camden, NJ 08103

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Exhibit "C"


# PARKER McCAY

Parker McCay P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054-5054

P: 856.596.8900
F: 856.596.9631
www.parkermccay.com

**J. Brooks DiDonato, Esquire**
Phone:  856-985-4047
(856) 596--9631/fax
jbdidonato@parkermccay.com

June 10, 2022

File No. 15462/JBD

**Clerk/Civil Processing**
**SUPERIOR COURT OF NEW JERSEY**
**CAMDEN COUNTY, LAW DIVISION**
**101 S. Fifth Street**
**Camden, New Jersey 08103**

Re:   <u>**Ursula Carr v. County of Camden, et al**</u>
     **Docket No. CAM-L-001406-22**

Dear Sir/Madam:

Please be advised that I represent defendants, County of Camden and Officer Samson #1000, regarding the above matter.

Enclosed please find a Notice of Removal to Federal District Court filed electronically with the Court on behalf of the defendants.

Thank you for your courtesy and consideration in this matter.

Respectfully.

*s/ J. Brooks DiDonato*
J. BROOKS DIDONATO

/de
Encl.
Cc:   Peter Kober, Esq.

COUNSEL WHEN IT MATTERS.℠

Mount Laurel, New Jersey | Hamilton, New Jersey | Atlantic City, New Jersey | Camden, New Jersey